STATE OF INDIANA *v.* REDMON ET AL.

[No. 25,926. Filed June 29, 1933.]

*James M. Ogden,* Attorney-General, and *Connor D.* *Ross,* Assistant Attorney-General, for appellant.

TREANOR, J.—This is an appeal from judgment rendered upon the verdict of a jury in a condemnation proceeding. The preliminary proceeding for condemnation was filed June 11, 1929, in the Spencer Circuit Court. Notice was given and upon hearing an order of condemnation was entered and appraisers were appointed and required to report on July 20, 1929. The appraisers duly filed their report awarding damages to appellee in the sum of $825.00. On July 24, 1929, appellant filed exceptions to the report on the grounds that the award was excessive; that the value fixed for the strip appropriated was too high; and that the appraisers failed to consider the enhancement in value and benefits which would result to appellee's other lands by reason of the construction of the highway in question and by reason of the appropriation of the strip taken. On September 3, 1929, appellees filed answer in general denial to the exceptions. On September 18th the cause was venued to the Warrick Circuit Court and on October 4th, 1929, appellees filed exceptions to the appraisers' report on the ground that the award was too low and that the appraisers did not properly consider all the damages which would be sustained by appellees. On December 28, 1929, the appellant moved to dismiss its exceptions to the report and moved to dismiss the exceptions filed by appellees. The trial court sustained the motion to dismiss appellant's exceptions but overruled appellant's motion to dismiss appellee's exceptions. To the latter ruling appellant excepted. The trial court proceeded to try the cause upon the exceptions filed by appellees and verdict was returned fixing damages in the sum of $1,400.00. Appellant's motion in arrest of judgment was overruled and appellant excepted.

The sole question involved in this appeal is whether the trial court had the right to proceed with the trial

and render judgment on the appellee's exceptions after appellant had dismissed its exceptions by leave of court, appellees' exceptions having been filed more than 10 days after the filing of the report by the appraisers.

Appellant contends that the only jurisdiction ever had by the trial court of any appeal from the report of the appraisers on the question of damages was acquired by the filing of appellant's exceptions within 10 days after the filing of said report; that upon the dismissal of appellant's exceptions the trial court ceased to have jurisdiction of an appeal from the report; that no jurisdiction of such an appeal was acquired by virtue of appellees' exceptions for the reason that they were not filed within the statutory period of 10 days after the filing of said appraisers' report.

In support of the action of the trial court, appellees contend that "when the appellant appealed the case to the circuit court, the cause stood for further proceedings and issues on that appeal, and for trial and judgment as in civil actions, and that the court, notwithstanding appellees' exceptions, could make such further orders and render such findings as may seem just and right to the Court on said appeal;" that "when one party in the proceedings for the condemnation of lands under the eminent domain statute files his exceptions within the time prescribed by law, in ten days, this gives to the other party the right to file its exceptions at any time while the matter is pending on appeal."

Appellees cite *The Midland Ry. Co.* v. *Smith* (1890), 125 Ind. 509, 25 N. E. 153, as authority for the foregoing propositions. The Midland Ry. Co. case relied upon the authority and reasoning of *McMahon* v. *Cincinnati, etc., R. Co.* (1854), 5 Ind. 413 and *Swinney* v. *Ft. Wayne, etc., R. R. Co.* (1877), 59 Ind. 205.

The statute under which the proceedings in the Swinney case were brought contained the provision, as

does §7686, Burns Ann. Ind. St. 1926, Acts 1905, ch. 48, p. 59, §8, that the award may be reviewed by exceptions filed within ten days after the filing of such award. The provision contained in the act authorizing assessment of damages by a sheriff's jury to the effect that issues of law and fact may be made up and tried and proceedings had as in other actions (§697, Code of Civil Procedure, 2 R. S. 1876, p. 285), is not unlike the language of §7686, *supra*: ". . . the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such further orders, and render such finding and judgment as may seem just. . . ." But §99 of the Code of Civil Procedure (2 R. S. 1876, p. 82), to which the court there gave effect, contained the following:

"The court may also in its discretion allow a party to file his pleadings after the time limited therefore."

The foregoing provision of the Civil Code was eliminated in 1921 (Acts 1921, p. 227, ch. 115, §423, Burns Ann. Ind. St. 1926), and there is no express statutory authority "to allow a party to file his pleadings after the time limited therefor." A trial court may in its discretion extend time for filing pleadings when the fixing of the time is within the discretion of the court. But a trial court can not extend the time when the time is fixed by statute. This is especially true when the time limited constitutes an element of a right or privilege which is being asserted in a pleading in a special statutory proceeding. In *Bartlett* v. *Manor* (1897), 146 Ind. 621, 45 N. E. 1060, the rule involved is stated as follows:

"However, it is fully established that when a right is given and the procedure for its enforcement is provided by a special statute, the procedure so provided excludes resort to another or different procedure. *Harrison Nat. Bank* v. *Culbertson* (1897), 147 Ind. 611, 45 N. E. 657, 47 N. E. 13;

*Edgerton* v. *Huntington School Twp.* (1890), 126
Ind. 261, 26 N .E. 156; *Ryan* v. *Ray* (1886), 105
Ind. 101, 4 N. E. 214; *Storms* v. *Stevens* (1885),
104 Ind. 46, 3 N. E. 401; *Fisher* v. *Tuller,* 122 Ind.
31, 23 N. E. 523."

Either party to a condemnation proceeding has the
privilege of filing written exceptions to the assessment
of damages within ten days after the filing of the
appraisers' report. It is clear that neither party
can file exceptions after the expiration of the ten
days if neither party has filed within the ten days. It
is also clear that if one party files within the ten-day
period and does not dismiss his exceptions that it would
not be prejudicial error to allow the other party to file
exceptions after the time limited. This follows from
the judicial holding that the filing of exceptions by.
either party brings before the court the whole question
of allowable damages; and, consequently, the issues
would not be enlarged by a filing of exceptions by the
second party. *Toledo, etc., Ry. Co.* v. *Wilson* (1909), 44
Ind. App. 213, 81 N. E. 508, 88 N. E. 864. That was the
actual situation in the case of *Midland Ry. Co.* v. *Smith,*
*supra.* But we do not think that any legal effect can be
given to the filing of exceptions after the expiration of
the ten-day period and if the party who has filed in
time dismisses his exceptions there is no issue as to
damages before the court. If our Civil Code still con-
tained the clause of §99, *supra,* authorizing a trial court
"in its discretion" to "allow a party to file his pleadings
after the time limited therefor" such provision would
have to be considered in applying that part of the
condemnation statute which provides that after the
filing of exceptions within ten days "the cause shall
further proceed to issue, trial and judgment as in civil
actions." If the clause of §99 were in the present code
we would be compelled to hold that the trial court, in
its discretion, could permit the filing of exceptions by

either party after the expiration of ten days even though neither party had filed within ten days after the filing of the appraisers' report. But in the absence of the clause, proceeding "to issue, trial and judgment as in civil actions" does not include the filing of pleadings after the time expressly limited by statute.

We conclude that the filing by appellee of exceptions to the appraisers' report after the expiration of ten days after such report was filed was a nullity, that the jurisdiction of the trial court to try the issue of damages rested entirely upon the exceptions of appellant; and that when the trial court sustained appellant's motion to dismiss its exceptions the trial court had no power to proceed further in the trial. It was error to overrule appellant's motion to dismiss appellees' exceptions to the report of the appraisers.

The judgment of the Warrick Circuit Court is reversed and the trial court is directed to sustain appellant's motion to dismiss appellees' exceptions to the report of the appraisers.