STATE EX REL. CITY OF LEBANON v. BOONE SUPERIOR
COURT, SHIELDS, SPECIAL JUDGE.

[No. 1269S279. Filed March 3, 1970. No petition for rehearing filed.]

*Richard W. Adney,* City Attorney, *Roscoe Hollingsworth, Scifres, Hollingsworth & Martin,* all of Lebanon, for relator.

*David S. Richey, Parr, Richey, Obremskey & Pedersen,* of Lebanon, for respondent.

GIVAN, J.—On the 22nd day of December, 1969, the relator appeared before this Court seeking a writ of mandate against the respondent mandating the respondent to grant a change of venue from the county. Relator at that time was advised by the members of this Court that the writ would not be issued; however, the relator did, pursuant to its right, file its petition with the Clerk of this Court.

We, therefore, give the following reasons for denying petition for writ of mandate:

Relator's verified petition shows that a complaint was filed under the eminent domain statute on February 28, 1969. On September 29, 1969, the court appointed appraisers made their report of award to the court. On the same day relator filed exceptions to said report. On the 3rd day of October, 1969, relator filed a second paragraph of exceptions. On the 28th day of October, 1969, more than ten days after its exceptions had been filed relator filed its motion for change of venue from the county.

The respondent court denied the change of venue from the county holding that the petition for the change had been filed more than ten days after the closing of the issues under Supreme Court Rule 1-12B(2). Relator takes the position that since the issues are formed on the filing of the exceptions to the appraisers' report no further pleading is required; therefore, paragraph 3 of Rule 1-12B applies. The two paragraphs in question of Rule 1-12B read as follows:

"2. In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits.

"3. Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty (30) days after the filing of such case within which to request a change from the judge or the county."

We do not agree with relator's contention in this case. The issues of damages in eminent domain do not come within paragraph 3 of Rule 1-12B. In eminent domain the action is commenced by the filing of the complaint. The issues concerning damages are formed by the report of the court appointed appraisers as to the benefits and the damages assessed and

exceptions filed thereto by either party. *State ex rel. Dillon* v. *Superior Court of Marion County* (1968), 249 Ind. 340, 232 N. E. 2d 602, 12 Ind. Dec. 427.

If neither party files exceptions to the court appraisers' report, the court enters judgment on the amounts stated in the report. The exceptions, therefore, are pleadings which are required in eminent domain action to form the issues on the damages. Thus, the trial court was correct in denying the change of venue from the county on the ground that it had been filed more than ten days after the close of such issues and that Rule 1-12B(2) applied.

The petition for writ of mandate is, therefore, denied.

Hunter, C.J., Arterburn, DeBruler, and Jackson, JJ., concur.

NOTE.—Reported in 255 N. E. 2d 660.