STATE OF INDIANA *v.* JAMES E. BLOUNT, DELORES J. BLOUNT (H & W), PEOPLES TRUST AND SAVINGS BANK OF INDIANA.

[No. 1-672A19. Filed December 21, 1972.]

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellant.

*Donald G. Hendrickson,* of Boonville, for appellees.

LYBROOK, J.—This appeal arises from an eminent domain proceeding. Plaintiff-appellant, State of Indiana (State) sought to condemn certain real property of the defendants-appellees, James E. and Delores J. Blount (Blount) for highway use. Peoples Trust and Savings Bank was joined because of its interest in the property.

The sole issue on appeal is whether the trial court erred in overruling the State's Motion to Dismiss or Withdraw its exceptions to the appraisers' report. State contends that this resulted in the erroneous submission of the determination of damages to a jury.

On July 9, 1969, the State filed its complaint and on August 29, 1969, the order of condemnation was entered and appraisers were duly appointed by the court. On September 15, 1969, the appraisers filed their report, fixing damages at $5,499.90. September 17, 1969, the State filed exceptions to the appraisers' award and a demand for jury trial. Blount filed no exceptions.

On December 18, 1969, attorneys for both parties attended a pre-trial conference and the court duly entered a pre-trial order which provided, *inter alia:*

"A. *Pleadings.* The case is at issue and no further pleading is required or contemplated.

\* \* \*

"C. *Contested Issues of Fact are:*
1. The value of the land and improvements, if any, taken for highway purposes.
2. The amount of damages to the residue of the land other than the lands appropriated and taken.
3. The damages, if any, resulting to the defendants from the construction of the improvements in the manner proposed by the plaintiff.

"G. *Trial date:* This case is set for trial before a jury on *September 28th, 1970,* at 9:00 o'clock A.M. (local time)

\* \* \*

"I. *Pre-trial order governs:* This pre-trial order has been formulated after a conference with Counsel for the respective parties unless corrections are submitted to the Court within five days from the date of receipt of copy of the order, *this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.* The pleadings will be deemed merged herein." (Emphasis supplied.)

The above trial date was postponed and later reset for May 17, 1971 by Special Judge Lester Nixon, who had been appointed in the interim. On that date the defendants appeared with witnesses, ready for trial, but the State appeared only by its local counsel, who declined to either proceed with the trial or request a continuance. Blount filed a Motion for Default and the jury was discharged.

On July 22, 1971 (some 19 months after the entry of the pre-trial order) the State moved to dismiss or withdraw its exceptions. The motion was overruled and the cause was finally reset for trial by jury on December 13, 1971. On that date, the trial was had and the jury awarded Blount damages in the amount of $9,000.00, together with interest.

The State contended in its brief that:

"A party may, of right, withdraw his exceptions to the report of the court-appointed appraisers. Since the landowners filed no exceptions, they in effect, accepted that report and had no right to any greater sum should the State move to withdraw its exceptions. Such a motion is similar to a confession of judgment."

and relied on *State* v. *Redmon* (1933), 205 Ind. 335, 186 N.E. 328 and *Denny* v. *State* (1963), 244 Ind. 5, 189 N.E.2d 820 for the proposition that if neither party files exceptions, or if all exceptions are withdrawn, the appraisers' award is conclusive.

Ordinarily a party to a condemnation action may withdraw its exceptions to an appraisers' award, if the motion is timely made.

However, in the case at bar, the State, after agreeing to the court's pre-trial order, and after failing to appear for trial, attempted to withdraw its exceptions, insisting it could do so as a matter of right.

State further argues that since Blount filed no exceptions, he could not insist on a trial for the determination of damages.

State maintains that *State* v. *Redmon* and *Denny* v. *State, supra, State ex rel. Agan* v. *Hendricks Superior Court* (1968), 250 Ind. 675, 235 N.E.2d 458, *Whitlock* v. *Public Service Company of Indiana, Inc.* (1959), 239 Ind. 680, 161 N.E.2d 169, and *State of Indiana* v. *Superior Court #2 of Tippecanoe County* (Ind., 1972, unreported), stand for the proposition that the State has an absolute right to withdraw exceptions in a condemnation case.

*Redmon, supra,* held that the landowner's exceptions were a nullity because they were not timely filed.

In *Denny, supra,* each party agreed to the withdrawal of exceptions or was precluded from raising the issue because he had accepted payment in the amount of the appraisers' award.

*State* v. *Superior Court #2, supra,* apparently did not involve a pre-trial order and is therefore not precedent for the question presented here.

In *Agan, supra,* the court was concerned with exceptions filed after the 10 day limit, but stated:

". . . where parties consent or agree to a method or procedure for settling their rights, they may not be heard on appeal to complain of error because the agreed procedure was not in technical conformity with orthodox or usually approved methods."

Similar reasoning may be applied to the case at bar. The State having sought a jury trial, and having agreed thereto

via the pre-trial order, cannot be heard many months later, to complain of being held to that which it sought and to which it agreed to be bound.

The pre-trial order in the case at bar was duly entered pursuant to TR. 16 (J), which reads in part:

"Pre-trial order. The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleading, and the agreements made by the parties as to any of the matters considered which limit the issues for trial to those not disposed of by admissions or agreement of counsel, and *such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice.*" (Our Emphasis.)

In its reply brief State does not discuss, nor for that matter even mention, the agreed pre-trial order. IC 1971, 32-11-1-8; Ind. Ann. Stat. § 3-1707 (Burns 1968), dealing with eminent domain, states in pertinent part:

"Any party to such action, aggrieved by the assessment of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within ten [10] days after the filing of such report, and the cause *shall* further proceed to issue, trial and judgment *as in civil actions;* the court may make such further orders, and render such findings and judgments as may seem just." (Our Emphasis.)

Obviously, proceedings in Eminent Domain, like other civil actions, are governed by the Indiana Rules of Trial Procedure.

The State sought no modification of the pre-trial order. Instead, after 19 months, during which Blount invested both time and effort in trial preparation, the State sought to unilaterally withdraw or dismiss its exceptions in contravention of the agreed, pre-trial order.

State further maintains that by filing no exceptions, Blount accepted the appraisers' award and had no right to any

greater sum. It is well settled that the filing of exceptions by either party is sufficient to submit the question of damages to the court or jury. In a jury trial the amount of the appraisers' award must be kept from the jury. In fact, its revelation results in reversible error. Furthermore, it is unnecessary that a land-owner file exceptions as a condition precedent to his right of recovery, if exceptions have been filed by the condemning party.

Finding no error in the proceedings, the judgment of the trial court is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 290 N.E.2d 480.