**PUBLIC SERVICE COMPANY OF INDIANA, INC., Appellant (Plaintiff Below);**

v.

**Richard ROUNDER, Avalene Rounder and John Maloney, Appellees (Defendants Below).**

**No. 1-481A136.**

Court of Appeals of Indiana, Fourth District.

July 22, 1981.

Rehearing Denied Aug. 19, 1981.

---

James L. Lowry, Larry R. Hesson, Kendall Stevenson, Lowry & Wood, Danville, for appellant.

Richard Rounder, pro se.

YOUNG, Presiding Judge.

Public Service Company of Indiana, Inc. brings this interlocutory appeal from the trial court's refusal to dismiss or withdraw exceptions filed by PSI to the appraisers' award and for summary judgment in a condemnation action brought against Richard Rounder and Avalene Rounder, landowners, and John Maloney, a tenant. We reverse.

PSI initially filed timely exceptions to the award of the appraisers. Neither the Rounders nor Maloney filed exceptions, timely or otherwise. At a pretrial conference, the Rounders appeared *pro se* stating that they were not willing to accept the appraisers' award and desired the cause be tried by jury. PSI indicated that it would pay the award and withdraw its exceptions if the Rounders were not permitted to file late exceptions following a dismissal. The trial court issued an order directing PSI to show cause within ten (10) days why the Rounders would not be entitled to trial by jury "in accordance with the decision of the Court of Appeals in *State v. Blount*, (1972) 154 Ind.App. 580, 290 N.E.2d 480 at 485." PSI filed a Motion to Dismiss or Withdraw Exceptions to Appraisers' Award and for Summary Judgment which was denied. We think erroneously so.

We believe *McGill v. Muddy Fork of Silver Creek Watershed Conservancy District*, (1977) Ind.App., 370 N.E.2d 365 is controlling. In *McGill*, Muddy Fork filed exceptions to the appraisers' award. Muddy Fork later withdrew the exceptions. McGill did not file any timely exceptions. No controlling pretrial agreement or order existed. McGills argued the trial court erred by not allowing a jury trial upon the issues raised by the exceptions of Muddy Fork. The court determined Muddy Fork could properly withdraw its exceptions and because McGills had not filed any timely exceptions, no issues remained for a jury to try. *McGill*, 370 N.E.2d at 372.

The case before us is similar. PSI sought to withdraw its exceptions. There was no controlling pretrial order or agreement. Absent an express pretrial agreement, a pretrial order or other controlling order, a party may withdraw its exceptions to an appraisers' award. *McGill, supra; State v. Blount*, (1972) 154 Ind.App. 580, 290 N.E.2d 480 (a pretrial order was present). The trial court erred by not allowing PSI to withdraw its exceptions. Rounders filed no exceptions. When one party fails to file any exceptions and the other party who has filed exceptions withdraws them, there remain no issues for a jury to try. *McGill, supra quoting State v. Redmon*, (1933) 205 Ind. 335, 186 N.E. 328.

Reversed and remanded for proceedings consistent with this opinion.

CHIPMAN and MILLER, JJ., concur.