**STATE of Indiana, Plaintiff–Appellant,**

**v.**

**Lawrence A. BERGER, Betty Lou Berger, Auditor of Allen County, and Treasurer of Allen County Defendants–Appellees.**

No. 02A03–8807–CV–199.

Court of Appeals of Indiana, Third District.

Feb. 21, 1989.

Linley E. Pearson, Atty. Gen., Dennis K. McKinney, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

Walter P. Helmke, J. Timothy McCaulay, Helmke, Beams, Boyer & Wagner, Fort Wayne, for defendants-appellees.

GARRARD, Presiding Judge.

This eminent domain proceeding was tried to a jury upon the landowners' exceptions to the award of the court appointed appraisers. It resulted in a verdict and judgment of damages in the sum of $151,-515.21.

The state appeals, contending that the trial court committed reversible error in permitting the amount of damages to be tried by jury because the landowners failed to file timely exceptions. To place the argument in perspective it is necessary to review the procedural occurrences that led to the trial.

On February 18, 1986 the state filed its complaint seeking to appropriate a parcel

of real estate owned by the Bergers together with access rights from the residue to I 69.

On March 19, 1986 the court ordered the real estate appropriated and appointed appraisers to assess damages. At that time Bergers had not been served with process. (*See* IC 32–11–1–3 requiring notice and IC 32–11–1–4 requiring proof of notice before the court orders appropriation and appoints appraisers.) On April 24, 1986 Bergers appeared by counsel; the court determined they had not been served with process and the order of March 19 was vacated.

On May 13, 1986 the state requested alias summons be issued and Bergers were subsequently served.

On May 22, 1986 the court named Bill Farbing as an appraiser to assess damages. (The court did not reappoint the other two appraisers or re-enter an order of appropriation.) The next day counsel filed written appearance on behalf of the Bergers.

On June 22, 1986 the three appraisers (Farbing and two others named in the order of March 19th) returned their report assessing total damages of $22,178.65.

The report of appraisal was mailed by the clerk to Bergers on July 16, 1986 and to the state on August 5, 1986. (IC 32–11–1–8 provides that any party may file exceptions to the appraisers' report within twenty (20) days after the date of mailing by the clerk of the notice of the filing of the report of appraisers.)

On August 5, 1986 the state filed its exceptions to the report of appraisers. Bergers filed exceptions on September 17, 1986.

Then on January 13, 1987 the state moved to dismiss its exceptions. The state's motion referred to the order of March 19, 1986 and recited that Bergers had not filed exceptions. Bergers filed objections to the state's motion asserting that they had filed exceptions. The state then moved to strike Bergers' exceptions as untimely and Bergers moved to vacate the appraisers' report as not in conformity to law.

After hearing, the trial court determined that the appropriation proceedings failed to meet the statutory requirements. It vacated the appraisers' report and entered a new order appropriating the real estate and appointing appraisers. The appraisers' report pursuant to this order was filed June 8, 1987; Bergers filed exceptions on June 24, 1987 and the case then proceeded to trial.

In attacking the results of this procedure the state presents essentially two arguments. Its principal contention is that the exceptions filed by Bergers on September 17, 1986 were beyond the twenty day limitation provided by IC 32–11–1–8; that they were therefore a nullity; and, consequently, when the state moved to dismiss its exceptions on January 13, 1987, the court should have granted the motion and entered judgment for the amount of the appraisers' award.

The state's second argument urges that the grounds for setting aside the original appraisal (thereby creating a new opportunity to file exceptions) were merely technical deficiencies which should have been deemed waived.

As background, it may be helpful to briefly review the hornbook rules of Indiana law concerning the filing of exceptions to the report of the court appointed appraisers.

■ If no exceptions are filed within the statutory time limit, the appraisers' award becomes final and there is no issue left for trial. *S.I.G.E.C.O. v. Decker* (1974), 261 Ind. 527, 307 N.E.2d 51. On the other hand, if either party files exceptions then any party is entitled to go to trial on the exceptions and the question of damages becomes one for the jury. *State ex rel. City of Lebanon v. Boone Sup.Ct.* (1970), 253 Ind. 549, 255 N.E.2d 660.

■ The corollary that has developed from these rules is that where only one party files exceptions, he may ordinarily, by dismissing his exceptions, eliminate all basis to go to trial, *P.S.C.I. v. Rounder* (1981), Ind.App., 423 N.E.2d 666, or by dismissing a part of the exceptions, such as

those claiming damages to the residue, he may preclude litigation of those claims. *State v. Sadlier* (1974), 155 Ind.App. 125, 306 N.E.2d 109. (The significance of the latter arises from the fact that evidence of benefits conferred by the taking is admissible only where damages to the residue of a landowner's property are in issue). Moreover, the decisions generally hold that a party is entitled to dismiss his exceptions if he chooses. *Rounder, supra.*

Of course, this may occasionally result in a trap for the unwary, and careful practice dictates that any party desiring to insure a trial on the question of damages should file his own timely exceptions. Even so, the rule that by dismissing his own exceptions a party may preclude others from litigating damages is not without exceptions.

In *State v. Blount* (1972), 154 Ind.App. 580, 290 N.E.2d 480 the state attempted to dismiss its exceptions and thereby deny the landowners, who had filed no exceptions, a jury trial to ascertain the amount of damages. Noting that the state had sought jury trial and had agreed thereto in a pretrial order, our First District determined that the state was precluded from complaining about that which it sought and to which it agreed to be bound. 290 N.E.2d at 483. *See also P.S.C.I. v. Rounder* (1981), Ind.App., 423 N.E.2d 666.

However, in *McGill v. Muddy Ford S.C. W.C.D.* (1977), 175 Ind.App. 48, 370 N.E.2d 365 the court refused to extend the *Blount* rule to circumstances where the opposing party had filed untimely exceptions prior to the movant's effort to dismiss its own timely exceptions. We question whether *Blount*'s reasoning should not be extended on waiver principles to situations where one party has filed timely exceptions evincing an intent to try the issue of damages and the other party has, in fact, filed exceptions (although untimely) before the first party seeks to dismiss its own exceptions. We need not, however, decide that question in the present case.

■ Here the state's motion and Bergers' response· directed the court's attention to the fact that the statutory procedure to enforce the right of eminent domain had not been complied with. IC 32–11–1–3 requires service of notice upon the defendants. IC 32–11–1–4 conditions the court's authority to order appropriation and appoint appraisers to assess damages "[u]pon return of such notice, showing service thereof...." In addition, IC 32–11–1–5 permits landowners to object to and litigate the propriety of the appropriation.

The record before us discloses, and the trial court determined, that the statutory procedure had not been met and that, in fact, neither an order of appropriation nor an order appointing *three* disinterested freeholders of the county as appraisers was ever entered at a time when [after] the court acquired personal jurisdiction of the defendants. *See Joint Co. Pk. Bd. v. Stegemoller* (1950), 228 Ind. 103, 118, 89 N.E.2d 720.

Whether under the circumstances that defect might have been waived or become the subject of an estoppel had the parties simply proceeded to try the issue of damages, we need not consider or decide, although responsibility for the error clearly rests with the state.

The case was *in fieri* when the error was brought to the court's attention. It was well within its province in determining to correct the error and its potential consequences [1] by vacating the appraisal filed June 22, 1986 and entering a proper order of appropriation and appointment of appraisers.

That the same persons were appointed appraisers and that they returned the same appraisal of damages is immaterial. The error being corrected was in the proper procedure for appointing anyone.

Of course, it is undisputed that Bergers filed timely and adequate objections to the appraisal report that was filed following the order of May 26, 1987, ordering appro-

---

1. Recognition of the propriety of the court's action would have obviated this appeal and the necessity of considering either the consequences of the erroneous order of appropriation or of the effect of the objections filed by the parties in the first instance.

priation of the real estate and appointing the appraisers.

The issue of damages was fairly and fully tried on the merits.

The trial court is, in all things, affirmed.

CONOVER, P.J., and HOFFMAN, J., concur.