**TOWN OF SCHERERVILLE, a political subdivision of the State of Indiana, Appellant (Plaintiff Below),**

v.

**Mary Ann DOUTHETT, Robert H. Yeager and Musetta Yeager, husband and wife, Joseph Zakutansky and Dianna Zakutansky, husband and wife, Harry Sikma and Grace Sikma, husband and wife, Appellees (Defendants Below).**

No. 45A03–9006–CV–247.

Court of Appeals of Indiana,
Third District.

April 29, 1991.

Edward P. Grimmer, Crown Point, for appellant.

Theodore A. Fitzgerald, John P. Shanahan, Petry, Fitzgerald & Shanahan, Hebron, for appellees.

HOFFMAN, Presiding Judge.

The Town of Schererville, plaintiff-appellant, is appealing the trial court's denial of its motion for summary judgment.

The facts relevant to this appeal disclose that plaintiff, the Town of Schererville, through eminent domain, sought to take the defendants' property to construct storage facilities. The defendants agreed to have three court-appointed appraisers appraise their property.

Thereafter, the appraisers returned with a value for each of the properties. The Town paid the value of the defendants' property as set by the court-appointed appraisers, plus the appraisers' costs, to the clerk of the court.

The defendants subsequently filed exceptions to the appraisers' report and a demand for jury trial. The exceptions read as follows:

"1. The awards of the appraisers are inadequate.

2. That the values of the parcels of land and improvements, if any, appropriated as fixed by the appraisers, are too low.

3. That the awards of the appraisers as to the damages to the residue of the lands other than the lands appropriated and taken are inadequate.

4. That the awards of the appraisers as to the damages which will result to the defendants from the construction of the improvements in the manner proposed by the plaintiff are inadequate."

The Town propounded interrogatories to the defendants requesting the identity of expert witnesses and the amount of damages the defendants contend they will sustain as a result of the construction of the proposed improvements. The defendants responded that the issue of damages was being investigated and that they were unable to present a numerical value at that time. The Town asked, "What do you contend is the value of land owned by you which is the subject of this condemnation action?" to which the defendants responded, "The appraisal is pending."

The Town filed for summary judgment based upon the report of the court-appoint-ed appraisers and the defendants' answers to interrogatories. However, after a hearing and taking the matter under advisement, the court denied the summary judgment motion on April 11, 1990. The court certified its order as an appealable interlocutory order on June 11, 1990.

One issue is raised for review: whether the filing of exceptions by defendants to the report of court-appointed appraisers in an eminent domain proceeding allows defendants the right to proceed to jury trial on the issue of property value.

On reviewing a grant of summary judgment, this Court must determine whether there is any genuine issue of material fact and whether the law was correctly applied. *Wallace v. Indiana Ins. Co.* (1981), Ind. App., 428 N.E.2d 1361, 1364. The burden is on the movant to establish that no material facts are in genuine issue. *Id.* If the materials filed by the moving party do establish a lack of any genuine issue of material fact, it is incumbent upon the opposing party to set forth specific facts showing that there is a genuine issue for trial, and if he does not do so and upon the basis of material before the court, the movant will be entitled to judgment as a matter of law. *Letson v. Lowmaster* (1976), 168 Ind.App. 159, 341 N.E.2d 785.

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Ind.Trial Rule 56(E).

The Town asserts that it has shown the value of the damages suffered by the taking through the appraisers' report. The Town argues that the burden was then upon the defendants to go beyond their pleadings, the exceptions, and establish by evidence that a genuine issue of fact existed. This could have been done, the Town contends, through the defendants own opinions as to the value of their property or through an expert opinion of an appraiser. However, since the defendants simply rest-

ed upon the bare assertions in their exceptions, the Town believes it is entitled to summary judgment as a matter of law.

The defendants, on the other hand, contend that the filing of exceptions necessarily means disputing the accuracy of the court-appointed appraisers and that this is sufficient to bring the question to trial. In support of their argument, they cite *State v. Berger* (1989), Ind.App., 534 N.E.2d 268, and *State v. Blount et al.* (1972), 154 Ind. App. 580, 290 N.E.2d 480. The *Berger* Court stated that "if either party files exceptions then any party is entitled to go to trial on the exceptions and the question of damages becomes one for the jury." *Id.* at 269. Likewise, the *Blount* Court said that "[i]t is well settled that the filing of exceptions by either party is sufficient to submit the question of damages to the court or jury." *Id.*, 290 N.E.2d at 483.

As the Town correctly notes, neither of the above cases involved summary judgment motions nor did they deal with the issue before this Court. The Town avers that, in fact, the *Blount* Court went further to state that the eminent domain proceedings, like other civil actions, are governed by the Indiana Rules of Trial Procedure. *Id.* Therefore, the Town contends summary judgment is appropriate in this situation.

This is a novel issue presented to this Court. The defendants timely filed their exceptions to the appraisals given by the court appointed appraisers. This was sufficient to form a genuine issue as to damages and it is an issue that should be submitted to the court or jury. (In this case, defendants filed a timely demand for trial by jury.) Summary judgment is simply not appropriate in this situation. The defendants, through filing their exceptions, have raised a question as to the amount of damages they have sustained. This is a proper question for the jury to decide.

Affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I would frame the issue differently than does the majority. I would state the question to be whether the filing of exceptions, *coupled with the interrogatory responses in this case,* permit the defendants to insist upon a trial by jury as to damages. The property owners concede that despite the filing of exceptions, if discovery discloses that there is no disagreement as to the values contained in the appraisers' report, summary judgment might be appropriate. Appellees' Brief at 7. They do not claim, as held by the majority, that eminent domain cases are wholly immune from summary judgment proceedings merely because exceptions have been filed and not withdrawn. In any event, in my view, summary judgment may or may not be appropriate, depending upon the circumstances.

I do agree with the majority with respect to the burden placed upon the party moving for summary judgment. The mere assertion that there is no genuine issue of fact plus the absence of a clear cut factual dispute does not demonstrate that the moving party is entitled to summary judgment. That scenario does not place upon the non-moving party the burden to demonstrate a genuine issue. If the moving party has not by more than mere assertion shown that there is no issue, the non-moving party has no evidentiary burden in order to defeat a summary judgment. Here, the interrogatory responses reflected that the issue was still in formation. The Town therefore failed to pass the first hurdle in the summary judgment process.

For this reason, I concur.