Bernard **DAUGHERTY** and Knox County, Indiana, Appellants– Defendants,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 42A05–9712–CV–512.

Court of Appeals of Indiana.

Sept. 24, 1998.

Rehearing Denied Nov. 6, 1998.

---

Leslie C. Shively, Lee F. Baker, Fine & Hatfield, Evansville, for Appellants–Defendants.

Jeffrey A. Modisett, Attorney General of Indiana, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

KIRSCH, Judge.

In this eminent domain proceeding, Bernard Daugherty appeals the grant of the State's Motion for Judgment raising the following issue: Whether the trial court erred in allowing the State to unilaterally withdraw its exceptions to the appraisers' report.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 16, 1995, the State commenced an eminent domain action to condemn real property owned by Bernard Daugherty, located in Knox County. The State offered to purchase the land from Daugherty for $1,300.00. Daugherty rejected this offer and the State filed a complaint for appropriation of real estate.

The trial court entered an order of appropriation of real estate and appointment of appraisers. The appraisers filed their reports with the trial court appraising the damages to Daugherty resulting from the appropriation to be $4,500.00. The State filed exceptions to the Report of Appraisers on the bases that it overstated the fair market value of the property, overstated the damages to the residue of Daugherty's property, understated the value of the benefits to the residue, and overstated the amount of just compensation due to Daugherty. Daugherty filed no exceptions.

The trial court, sua sponte, referred the matter to mediation on October 22, 1996, pursuant to Alternative Dispute Resolution Rule 2.2. On April 18, 1997, the State withdrew its exceptions and moved for an entry of judgment. Daugherty objected to the motion for an entry of judgment on the grounds that the State must have consent of all parties before withdrawing its exceptions. The trial court held a hearing and found that because Daugherty did not file exceptions to the Report of Appraisers, the Report of Appraisers became conclusive as a matter of law, and there was no issue left for trial. The trial court granted the State's Motion for Judgment and ordered the State to pay $4,500.00 to Daugherty.

## DISCUSSION AND DECISION

■ Daugherty claims that the trial court erred when it permitted the State to unilaterally withdraw its exceptions to the appraisers' report.

■ The procedures for the exercise of an eminent domain action are governed by IC 32–11–1–1 through 32–11–1–13. The process has been summarized as follows:

"First, when the complaint is filed a notice is issued and served on the landowner requesting his appearance at a stated time to show cause, if any he have, why the

land should not be appropriated. If he believes he has cause he may file 'objections.' If no objections are filed, or if those filed are overruled, an order of appropriation is entered and three appraisers are appointed and ordered to file their report appraising the damage to the landowner resulting from the appropriation.

Second, within twenty days of the date the report of appraisal is filed, either or both parties may file 'exceptions' to the appraisal. If timely filed, exceptions raise the issue of the amount of the landowner's damages.

That issue is tried de novo by the judge, or by a jury if timely requested. If no exceptions are timely filed the appraisers' award becomes final."

*Lehnen v. State,* 693 N.E.2d 580, 581–82 (Ind.Ct.App.1998), *trans. denied* (footnotes omitted) (quoting *Cordill v. City of Indianapolis Through Dep't of Parks and Recreation,* 168 Ind.App. 685, 687, 345 N.E.2d 274, 275 (1976)). The exceptions are pleadings which are required in an eminent domain action to form the issues on damages. *State ex rel. City of Lebanon v. Boone Superior Court,* 253 Ind. 549, 551, 255 N.E.2d 660, 662 (1970).

We begin our analysis with an examination of *State v. Blount,* 154 Ind.App. 580, 290 N.E.2d 480 (1972). In *Blount,* the State filed a condemnation complaint, appraisers were appointed, the appraisers' report was filed, and the State filed exceptions to the report and demanded a jury trial. Blount filed no exceptions. The trial court entered an order setting the matter for jury trial. After several postponements of the trial date, all of which were caused by the State, the State moved to dismiss or withdraw its exceptions. The trial court overruled the motion, recognizing that even though a party to a condemnation action may ordinarily withdraw its exceptions to the appraisers' report, "[t]he State having sought a jury trial, and having agreed thereto via the pre-trial order, cannot be heard many months later, to complain of being held to that which it sought and to which it agreed to be bound." *Id.* at 583–84, 290 N.E.2d at 483. In reaching its decision, the trial court noted that Blount had invested both significant time and effort in preparing for trial and it would have been unfair to allow one party to unilaterally withdraw its exceptions. *Id.* at 584, 290 N.E.2d at 483. The *Blount* court ruled that "it is unnecessary that a land-owner file exceptions as a condition precedent to his right to recovery, if exceptions have been filed by the condemning party." *Id.* at 585, 290 N.E.2d at 483–84.

In *State v. Berger,* 534 N.E.2d 268, 269 (Ind.Ct.App.1989), *trans. denied,* this court stated that "if either party files exceptions then any party is entitled to go to trial on the exceptions and the question becomes one for the jury." The *Berger* court further stated, however, citing *Public Service Co. of Indiana, Inc. v. Rounder,* 423 N.E.2d 666 (Ind.Ct.App.1981) (citing *McGill v. Muddy Fork of Silver Creek Watershed Conservancy Dist.,* 175 Ind.App. 48, 370 N.E.2d 365 (1977)), where only one party files exceptions, in most instances, dismissing the exceptions eliminates all basis to go to trial. *Berger,* 534 N.E.2d at 269. The *Blount* decision created an exception to the general rule that by dismissing his own exceptions a party may preclude others from litigating. *McGill* recognized this general rule and refused to extend the *Blount* exception to circumstances where the opposing party had filed untimely exceptions prior to the movant's effort to dismiss its own timely exceptions. *McGill,* 370 N.E.2d at 368.

The effect of the *Blount* decision and the subsequent cases that recognized this exception was to create a rule that was regulated through the trial court's discretion. Our decision here makes explicit what was implied in *Blount:* a party does not have an absolute right to withdraw exceptions to the appraisers' report; rather, the withdrawal of exceptions is subject to the trial court's discretion. While the court in the exercise of such discretion may ordinarily allow the withdrawal, it may deny the request to withdraw or condition the withdrawal upon such terms and conditions as the court deems necessary to avoid injustice.

The trial court in exercising its discretion should allow the withdrawal of exceptions except in instances where injustice

would result. In making such a determination, the trial court should consider the following nonexclusive factors: the length of time between the filing of the appraisers' report and the motion to withdraw, whether the withdrawing party is attempting to do so on the eve of the trial, whether the withdrawing party and trial court have been put on notice of the other party's dissatisfaction with the report, either that be through the filing of belated exceptions or otherwise, and the extent of trial preparation which has already occurred, including the securing of expert witnesses and the extent of discovery.

In this case, the State did not file the motion to withdraw the exceptions on the eve of the trial, even though the matter had been set for mediation, and Daugherty did not file belated exceptions. The trial court held a hearing and allowed Daugherty the opportunity to demonstrate why the withdrawal should not be allowed. We find that the trial court did not abuse its discretion in allowing the State to withdraw its exceptions and consequently, properly granted the State's Motion for Judgment.

The *Berger* court correctly noted that "careful practice dictates that any party desiring to insure a trial on the question of damages should file his own timely exceptions." 534 N.E.2d at 270. Our holding should not be read to indicate otherwise. We are also compelled to point out the corollary, parties file exceptions at their own peril, in that, under certain circumstances they may not be permitted to withdraw the exceptions and terminate the litigation which they have commenced

Affirmed.

STATON and ROBB, JJ., concur.