KEITH YOHNKA, Plaintiff-Appellee and Cross-Appellant, v. DARLING NELLS, INC., *et al.*, Defendants-Appellants and Cross-Appellees.

Third District   No. 3—85—0001

Opinion filed September 16, 1985.

Thomas R. Judd, of Kankakee, for appellants.

Thomas E. McClure and Roger C. Elliott, both of Elliott & McClure, of Bourbonnais, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Keith Yohnka, brought suit to rescind a stock purchase and to recover the original purchase price, attorney fees and costs against defendants, Darling Nells, Inc., L. Roy Custer and Roger Jones, pursuant to the Illinois Securities Act of 1953 (the Act) (Ill. Rev. Stat. 1981, ch. 121½, par. 137.1 *et seq.*), which makes certain sales of securities voidable at the option of the purchaser and creates a right of rescission (Ill. Rev. Stat. 1981, ch. 121½, par. 137.13). Judgment was entered in favor of plaintiff for the original purchase price in the amount of $15,000 plus reasonable attorney fees in the amount of $5,625 and costs. Defendants appeal from that judgment.

Darling Nells, Inc., was incorporated in Illinois by Jones and Custer and operated as a dinner theater and restaurant. In late 1980, Custer and Jones discussed with plaintiff the purchase by plaintiff of an interest in the corporation. Subsequently, plaintiff purchased 40 shares of stock for $20,000. Consideration for the purchase included $15,000 in cash and a Hammond organ owned by plaintiff having an agreed value of $5,000. In August 1981, plaintiff left the employment of the corporation. At that time, plaintiff sold back to the corporation 10 shares of stock in consideration of the return of the Hammond organ still valued at $5,000.

In April 1982, plaintiff, by registered mail, sent notice to defendants of his election to rescind the stock purchase. It appears that this notice was never received by defendants and may have in fact been refused. Plaintiff then filed the instant action in May 1982. In conjunction with the suit, plaintiff tendered to the trial court an assignment of his 30 shares of stock.

During various stages in the litigation both parties filed motions for summary judgment. On September 24, 1984, a memorandum of opinion was entered wherein the trial court decided it would grant summary judgment in favor of plaintiff. This appeal follows.

The defendants have requested that this court review the decision of the trial court granting the plaintiff's motion for summary judgment. Initially, the defendants contend the transaction complained of

was exempt under section 4(G) of the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1981, ch. 121½, par. 137.4(G)). In support of this contention, defendants rely solely on the Interpretive Comments to the 1983 amendments to section 4 of the Act. (Ill. Ann. Stat., ch. 121½, par. 137.4, Interpretative Comments, at 34 (Smith-Hurd Supp. 1985).) This reliance is, however, ill-founded.

It is undisputed that the sale of the shares involved in the transaction complained of occurred in 1981. The 1983 amendments took effect July 1, 1984. Since the amendments do not call for retroactive application, the law in effect at the time of the transaction must be dispositive of the issue presented. Subsection (G) of section 4, applicable at the time of the complained-of transaction, provided that sales of securities within any 12-month period to 25 or fewer persons were exempt from registration under the Act if, *inter alia,* the issuer filed with the Secretary of State:

> "(3) *** a report of sale not later than 30 days after the sale, setting forth the name and address of the issuer ***, the total amount of securities sold under this subsection (G), the price at which the securities were sold, *** and a representation that offers to sell such securities were not made to persons in excess of the number permitted ***." Ill. Rev. Stat. 1981, ch. 121½, par. 137.4(G).

In the instant case, no report was filed. Section 12(D) of the Act provides in pertinent part that "[i]t shall be a violation of the provisions of this Act for any person: *** D. To fail to file with the Secretary of State any *** report *** required to be filed" under the Act. (Ill. Rev. Stat. 1981, ch. 121½, par. 137.12(D).) While the strict requirement of filing the report is no longer required under the 1983 amendments, such was not the case in 1981. The complained-of transaction was not exempt and was in violation of the Act. See *James v. Erlinder Manufacturing Co.* (1979), 80 Ill. App. 3d 4, 398 N.E.2d 1225.

Defendants next contend the plaintiff did not meet the jurisdictional requirements of the Act because he did not tender the original shares purchased by him to either the defendants or the court. The Act requires that when a purchaser of a security elects to rescind the purchase because the seller in some way violated the Act, the purchaser must tender to the seller or into court the securities sold. (Ill. Rev. Stat. 1981, ch. 121½, par. 137.13(A).) Additionally, the purchaser must give notice of the election to rescind to the seller within six months of learning that the sale is voidable. Ill. Rev. Stat. 1981, ch. 121½, par. 137.13(B).

In the present case, plaintiff filed a request to admit facts which requested, *inter alia*, the following:

"12. Plaintiff has tendered to the court said 30 shares of Darling Nells, Inc. by means of a written assignment."

The trial court held, and we agree, that the defendants' failure to respond or object to the request to admit facts with regard to the tender disposed of the issue in favor of plaintiff pursuant to Supreme Court Rule 216(c) (87 Ill. 2d R. 216(c)). (See *Colwell Systems, Inc. v. Henson* (1983), 117 Ill. App. 3d 113, 452 N.E.2d 889.) Furthermore, we believe the purported assignment of the shares satisfied the tender requirement.

■ A tender is an offer to perform that which is required with the present ability to do so. (See *Martindell v. Lake Shore National Bank* (1957), 15 Ill. App. 2d 217, 145 N.E.2d 784, *rev'd on other grounds* (1958), 15 Ill. 2d 272, 154 N.E.2d 683.) On close examination of the tender, the language of the document recites wording which would accompany any tender, *i.e.*, the plaintiff would receive the amount required to be paid by the defendant in repurchasing the shares. We find the plaintiff's tender substantially complies with the statutory requirements.

Finally, defendants contend the trial court erred in granting summary judgment because there were genuine and material issues of fact left undecided. Specifically, the court left undecided the issue of whether plaintiff originally purchased 30 or 40 shares of stock. Defendants argue that the original sale consisted of 40 shares of stock and that the plaintiff throughout the case maintained the sale was for only 30 shares. Defendants cite cases for the authority that in order for rescission to be available to a purchaser, the purchaser must tender all of the original shares purchased and, therefore, in the present case plaintiff originally purchased 40 shares while maintaining he tendered 30 to the court. See *Glen v. Dodson* (1932), 347 Ill. 473, 180 N.E.2d 393; *Illinois National Bank & Trust Co. v. Gulf States Energy Corp.* (1981), 102 Ill. App. 3d 1113, 429 N.E.2d 1301; *Tobey v. Sundling* (1974), 25 Ill. App. 3d 205, 323 N.E.2d 30; *Shofstall v. Allied Van Lines, Inc.* (N.D. Ill. 1978), 455 F. Supp. 351; *Rotstein v. Reynolds & Co.* (N.D. Ill. 1973), 359 F. Supp. 109.

■ The cases cited by the defendants, however, rely on different sets of facts from the present case. They involve instances where the purchaser sold all or a portion of their stock to third parties. Here, plaintiff returned 10 shares to the corporation in return for his Hammond organ. No third party was involved. This transfer amounted to a tender of the 10 shares. This tender, coupled with the assignment

given to the trial court, represented the required statutory tender. We find that no material issue of fact based on the number of shares originally purchased was left undecided by the trial court.

■ Plaintiff has made a request to this court for the award of additional attorney fees and costs incident to defending this appeal as authorized by section 13(A)(2) of the Act (Ill. Rev. Stat. 1981, ch. 121½, par. 137.13(A)(2)). We believe the plaintiff is entitled to such fees and costs, and the amounts thereof should be determined by the trial court upon petition and hearing.

For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County. However, we remand this case to the circuit court for further proceedings on the award of attorney fees and costs incident to the appeal.

Affirmed and remanded.

HEIPLE, P.J., and SCOTT, J., concur.