ROBERT SALZBRENNER *et al.*, Plaintiffs-Appellants, v. DWIGHT BECKHAM *et al.*, Defendants-Appellees.

Second District   No. 2—85—0577

Opinion filed July 30, 1986.

Claude W. Tupy and Janis M. Tupy, both of Tupy & Tupy, Ltd., of De-Kalb, for appellants.

James L. Proffitt, of Fribley & Proffitt, of Pana, and William E. Gottfred, of Reese, Reese & Bagley, of Rockford, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiffs appeal from an order entered by the circuit court of Winnebago County dismissing their amended complaint for rescission of a contract involving the sale of certain securities. The issue to be resolved is whether amendments to the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1981, ch. 121½, par. 137.1 *et seq.*) that became effective after the contract for sale was executed are to be applied retroactively, thereby precluding plaintiffs from maintaining this action.

By way of background, the Illinois Securities Law of 1953 (hereinafter the Act) provides that no security may be sold in Illinois unless it is registered with the Secretary of State prior to the sale or exempt from registration. (Ill. Rev. Stat. 1981, ch. 121½, par. 137.5.) A security is defined as including a fractional undivided interest in an oil, gas or other mineral lease. Ill. Rev. Stat. 1981, ch. 121½, par. 137.2—1.

In February 1983, plaintiffs entered into a contract with defendants whereby plaintiffs agreed to purchase undivided fractional interests in an oil-well lease. At the time of their agreement, section 4(H)

of the Act exempted such transactions so long as certain requirements were satisfied, one of which was that the seller file a report of the sale with the Secretary of State not later than 30 days after the sale. (Ill. Rev. Stat. 1981, ch. 121½, par. 137.4(H).) The failure to file a report constituted a violation of the Act (Ill. Rev. Stat. 1981, ch. 121½, par. 137.12(D)), which in turn made the sale voidable at the option of the purchaser under section 13(A) (Ill. Rev. Stat. 1981, ch. 121½, par. 137.13(A)). It is not disputed that defendants failed to file the necessary report with the Secretary of State.

On June 29, 1983, some four months after the parties entered into the contract for sale, the General Assembly passed Public Act 83—44, which made sweeping changes in the State's securities laws. The legislature, however, delayed the effective date of the amendments: some amendments became effective January 1, 1984, while others took effect on July 1, 1984. (1983 Ill. Laws 1085, 1132-33.) Among the changes effective as of January 1, 1984, were the following. All the provisions in section 4(H) pertaining to the exemption for sales involving undivided fractional interests in oil, gas and other mineral leases were deleted as unnecessary. Such sales are now covered by section 4(G), which was entirely rewritten. (Ill. Ann. Stat., ch. 121½, par. 137.4(H), Interpretive Comments, at 44 (Smith-Hurd Supp. 1986).) The new version of section 4(G) empowers the Secretary of State to prescribe rules and regulations for the filing of a report upon the completion of a security's sale. Of particular significance to this case was the inclusion of a provision that states: "[T]he failure to file any such report shall not affect the availability of such exemption." (Ill. Rev. Stat. 1983, ch. 121½, par. 137.4(G)(4).) This proviso effectively nullifies a purchaser's right to rescind a sale solely on account of the seller's failure to file a report of the sale. The Interpretive Comments to section 4(G) state:

"Under sec. 4.G. prior to amendment, innocent defects in filing have had harsh and inequitable consequences.

To benefit small businesses, this exemption as amended has been designed to be available whether or not an issuer is aware of the report requirement. Under old section 4.G., a purchaser had a right to rescind a securities purchase for up to three years from the date of sale if the seller, despite full compliance with other provisions of section 4.G. and without any fraud or misrepresentation, merely failed to file a report. The unnecessarily harsh consequences and arbitrary operation of the report filing requirement have been repealed to insure greater equity in the application of the Act and to eliminate what was a clas-

sic trap for the unwary." Ill. Ann. Stat., ch. 121½, par. 137.4(G), Interpretive Comments, at 43-44 (Smith-Hurd Supp. 1986).

On June 14, 1984, shortly after plaintiffs learned that defendants had not complied with the reporting requirement, plaintiffs filed the present action seeking to rescind the agreement executed in February 1983. For reasons not pertinent to the issue raised here, it was necessary for plaintiffs to file an amended complaint. Defendants moved to dismiss the amended pleading on the ground that the amendments to Public Act 83—44 prohibited plaintiffs from rescinding the purchase of the undivided fractional interests in the oil-well lease. The trial court granted defendants' motion, and plaintiffs appeal.

As we said at the outset, we must decide if the amendments abrogating a purchaser's right to rescind a sale of securities because of the seller's failure to report the sale are to be applied retroactively so as to preclude plaintiffs from maintaining this action. Two recent cases have addressed this issue, and in both instances the court refused to construe the amendments as operating retroactively, concluding that the law in effect at the time the securities were sold was controlling. (*Boldon v. Chiappa* (1986), 140 Ill. App. 3d 913, 918; *Yohnka v. Darling Nells, Inc.* (1985), 136 Ill. App. 3d 309, 311.) We agree.

Courts do not view favorably retroactive legislation. (*In re Marriage of Semmler* (1985), 107 Ill. 2d 130, 136; 34 Ill. L. & Prac. *Statutes* sec. 193, at 155 (1958).) Indeed, there is a strong presumption that new legislation will operate only prospectively. (*People ex rel. Manczak v. Carpentier* (1954), 3 Ill. 2d 556, 559; *McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 112.) The general rule is that an amendatory act will be construed as applying prospectively unless there is express language to the contrary. *Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, 18; *Maiter v. Board of Education* (1980), 82 Ill. 2d 373, 390, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000; *Jefferson Ice Co. v. Johnson* (1985), 139 Ill. App. 3d 626, 632.

In this case there is no express language in Public Act 83—44 directing that the amendments are to have retroactive application. Nor is there anything in the legislative debates of either the House or Senate indicating that such was the intent of the General Assembly.

Defendants, however, rely on an exception to the general rule requiring express language of retroactivity, an exception which provides that even absent such language, an amendatory act may be construed as having retroactive application if it relates to a remedy or proce-

dural matter and does not destroy a vested right or impair contractual obligations. (*Maiter v. Board of Education* (1980), 82 Ill. 2d 373, 390-91; *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 184-87; *People v. Dorff* (1979), 77 Ill. App. 3d 882, 887.) Defendants contend that the amendments at issue here neither deprive plaintiffs of a vested right nor impair any contractual obligations. They maintain that the remedy of rescission which existed at the time the parties entered into the contract for sale was a purely statutory cause of action and therefore was subject to being repealed at the will of the legislature. As such, defendants argue this case falls within the rule that changes affecting only a remedy apply immediately to pending cases unless there is a saving clause. *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 184-85; *Nelson v. Miller* (1957), 11 Ill. 2d 378, 382; *Board of Managers v. Chase Manhattan Bank* (1983), 116 Ill. App. 3d 690, 692-93.

■ We cannot agree with the position taken by defendants. Even assuming the amendments in question relate to a purely remedial provision and that plaintiffs had no vested right to the remedy of rescission, this alone does not mandate that the amendments be applied retroactively without regard to the intention of the legislature. Whether a particular enactment operates retroactively or prospectively ultimately is determined on the basis of legislative intent. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 235, citing *People ex rel. Manczak v. Carpentier* (1954), 3 Ill. 2d 556.) This is true even where the legislation is said to relate to a remedial or procedural provision. As the supreme court said in *Maiter v. Board of Education* (1980), 82 Ill. 2d 373:

> "[I]n the absence of a saving clause, an amendatory act may be retroactively applied *where the legislature so intended* and where the statute affects the remedy or matters of procedure." (Emphasis added.) 82 Ill. 2d 373, 390.

■ Considering the circumstances surrounding the enactment of Public Act 83—44, we are convinced the legislature intended the amendments to operate prospectively only. Aside from the fact there is nothing in either the statutory language or legislative debates indicating that a retroactive application was intended, we consider it highly significant that the General Assembly postponed the effective date of the amendments. As previously stated, Public Act 83—44 was passed on June 29, 1983, but the effective date of certain amendments, including those abrogating a purchaser's right to rescind a sale, was delayed until January 1, 1984, while other amendments did not become effective until July 1, 1984. In our opinion it is illogical to think the General Assembly would pass legislation, postpone some

provisions from taking effect for six months and others for one year and yet intend that they operate retroactively. In this regard it has been said: "Postponement of the effective date for an act indicates that is should have only prospective application." 2 A. Sutherland, Statutory Construction sec. 41.04, at 350 (1986); see also *Potter v. Judge* (1983), 112 Ill. App. 3d 81, 89.

Accordingly, we hold that the legislature did not intend the changes enacted pursuant to Public Act 83—44 to apply retroactively, and we therefore reverse the judgment dismissing plaintiffs' amended complaint and remand the cause to the circuit court of Winnebago County for further proceedings consistent with the views expressed herein.

Reversed and remanded.

REINHARD and SCHNAKE, JJ., concur.