BRUCE A. THOMS *et al.*, Plaintiffs-Appellants, v. PRIVATE LEDGER FINANCIAL SERVICES, INC. *et al.*, Defendants-Appellees.

Second District   No. 2—86—0631

Opinion filed May 6, 1987.

INGLIS, J., dissenting.

Frederick E. Roth, of Oak Brook, for appellants.

Francis A. Spina and William J. Cremer, both of Tressler, Soderstrom, Maloney & Priess, of Wheaton, for appellee Tax and Investment Strategies, Inc.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

This is an appeal from the dismissal with prejudice of the complaint of plaintiffs, Bruce A. Thoms and Patricia A. Thoms (Thoms), against defendants, Thomas C. Theodore and Tax and Investment Strategies, Inc. (Theodore), and defendant, Private Ledger Financial Services, Inc., by the circuit court of Du Page County. On January 12, 1987, the motion of appellants to dismiss that portion of their appeal involving Private Ledger Financial Services, Inc., was allowed and that part of this appeal was dismissed.

Plaintiffs' cause of action was based upon provisions of the Illinois Securities Law of 1953 (Securities Law) (Ill. Rev. Stat. 1983, ch. 121½, par. 137.1 *et seq.*) which were in effect prior to January 1, 1984. Specifically, plaintiffs sought rescission of their purchase of certain limited partnership security interests based upon the terms of sections 4G, 12 and 13 (Ill. Rev. Stat. 1983, ch. 121½, pars. 137.4G, 137.12, 137.13A).

On December 28, 1983, plaintiffs purchased limited partnership shares in the Missouri limited partnership known as Posada Del Rey Investors, Ltd. At that time, plaintiffs paid $9,230.77. They also executed a note for the balance due, with payments due on March 1, 1984, June 1, 1985, and June 1, 1986. All but the June 1, 1986, payment of $11,076.92 has been paid.

The purchase of the partnership interests was made by plaintiffs through Thomas C. Theodore, a salesman employed by Tax and Investment Strategies, Inc. The dealer of the partnership interests was Private Ledger Financial Services, Inc.

Thereafter, Posada Del Rey Investors, Ltd., the partnership which issued the limited partnership shares, was placed in bankruptcy. Defendant Jefferey Sunderman was a "controlling person" and general partner of Posada Del Rey Investors, Ltd.

The Posada Del Rey Investors, Ltd. partnership was not registered under the applicable provisions of the Illinois Securities Law of 1953 which existed prior to January 1, 1984. No "report of sale," as that term was utilized in section 4G of the Securities Law (Ill. Rev. Stat. 1983, ch. 121½, par. 137.4G), was submitted to the Illinois Secretary of State identifying plaintiffs as purchaser of the limited partnership interest.

Three days after plaintiffs purchased the securities in question, the 1983 amendments to the Securities Law of 1953 went into effect. These amendments were contained in Public Act 83—44 (1983 Ill. Legis. Serv. 840-41 (West)), which had been passed by the General Assembly on June 29, 1983, and approved by the Governor on August 4, 1983. Effective January 1, 1984, with regard to the report on sales of securities, the failure to file such a report would no longer affect the availability of the exemption from registration.

Defendant Jefferey S. Sunderman was served but failed to appear. An order of default against Sunderman was entered January 22, 1986. Defendant Theodore filed a motion to dismiss plaintiffs' complaint which was allowed with a finding that there was no just reason to delay appeal of the court's order. 103 Ill. 2d R. 304(a).

Plaintiff contends that for the purpose of the application of the Securities Law of 1953 that: (1) the date of the "sale" was December 28, 1983, and the law in effect on that date required the issuer, controlling person, or dealer to file with the Secretary of State a report of the sale not later than 30 days after the sale; (2) the failure to file the report was a violation of the Securities Law of 1953; and (3) plaintiffs are entitled to rescission of the sale for a violation of the filing requirement. Plaintiffs contend that the trial court erred when it found that the statute in question, amended effective January 1, 1984, eliminated the right of rescission for failure to file the report.

Defendants contend: (1) that plaintiffs' cause of action seeking rescission was inchoate and failed to vest prior to the effective date of the amendments; (2) there is a distinction between the "date of the sale" and "time of the transaction": the "time of transaction" covered the period of December 28, 1983, through January 27, 1984, and the law in effect at the "time of transaction" here was the 1983 amendments; (3) the plaintiffs had no vested right recognized by law which allowed them to rescind; (4) the application of the 1983 amendments neither modified, altered, nor removed any vested rights available to the plaintiff prior to the effective date; (5) the cases cited by the plaintiff which appeared to limit the retroactive application of the 1983 amendments are distinguishable because the 30-day filing period in those cases expired before the effective date of amendments; (6) the general principle of law governing statutory construction is that on the modification or repeal of any statute, the preexisting law should be applied where to do otherwise would affect a vested right; (7) plaintiffs were charged with knowledge that the General Assembly had already passed and the Governor had already approved legislation which would dramatically change the Illinois Securities Law; (8) plain-

tiffs were also charged with the knowledge that in three days, January 1, 1984, no 30-day deadline would be placed upon the filing of a report; and (9) the clear legislative intent to ameliorate the harshness of the remedies available under section 4G favors application of the amendment.

The law in effect prior to the effective date of the 1983 amendments to section 4G exempted certain sales of securities from registration requirements but also required:

"[T]he issuer, controlling person or dealer shall file with the Secretary of State a report of sale not later than 30 days after the sale ***." (Ill. Rev. Stat. 1981, ch. 121½, par. 137.4G(3).)

The failure to file the report was a violation of the Securities Law of 1953, wherein it provides that:

"It shall be a violation of the provisions of this Act for any person:

* * *

D. To fail to file with the Secretary of State any application, report or document required to be filed under the provisions of this Act ***." (Ill. Rev. Stat. 1983, ch. 121½, par. 137.12.)

The civil remedy for violations of the Securities Law of 1953 is provided for as follows:

"Every sale of security made in violation of the provisions of this Act shall be voidable at the election of the purchaser ***." (Ill. Rev. Stat. 1983, ch. 121½, par. 137.13.)

The effective date of the particular amendment to section 4G was January 1, 1984. Ill. Rev. Stat. 1983, ch. 1, par. 1201.

■■ ■ The determinative issue in the instant case is whether plaintiffs were vested with a right to void the sale under the provisions of section 13 for the violation of failure to file the report as described in section 12 on December 28, 1983. Section 2.5 of the Securities Law of 1953 defines a "sale" as having the full meaning of that term as applied by or accepted in the courts of this State and shall include every contract of sale or disposition of security for value. (Ill. Rev. Stat. 1983, ch. 121½, par. 137.2—5.) A sale is the transfer of property for price and money; the transfer of the property in things sold from a seller to a buyer for a price is the essence of the transaction, and the transfer, in order to constitute a sale, must be a transfer of the general or absolute property with no further rights in the property reserved unto the seller. (*Chapin v. Tampoorlos* (1945), 325 Ill. App. 219, 223, 59 N.E.2d 334, 335.) The consummation of a sale means a closing must have occurred and consideration delivered. Ill. Ann. Stat., ch. 121½, par. 137.4, Interpretive Comments, at 41

(Smith-Hurd Supp. 1986).

■ Cases must be decided under the provisions of the Illinois Securities Law in force at the time of the sale. (*People v. Johnson* (1934), 355 Ill. 380, 388, 189 N.E. 271; *Boldon v. Chiappa* (1986), 140 Ill. App. 3d 913, 918, 489 N.E.2d 6.) The 1983 amendments do not call for retroactive application; the law in effect at the time of the transaction is dispositive of the issue presented. (*Yohnka v. Darling Nells, Inc.* (1985), 136 Ill. App. 3d 309, 311, 483 N.E.2d 649.) The amendments were intended to operate prospectively only. *Salzbrenner v. Beckham* (1986), 145 Ill. App. 3d 941, 945, 496 N.E.2d 354.

■ ■ We conclude that the "sale" in the instant case was consummated on December 28, 1983. The "transactional" theory offered by defendants to suggest that the sale was not complete until the filing deadline passed or that plaintiffs' right to rescind did not vest until defendants failed to file the report within the 30 days simply has no support in the statutes or case law. Further, defendants' attempt to distinguish *Boldon* and *Yohnka* as being cases wherein the 30-day filing period expired before the relevant 1983 amendment became effective is unpersuasive. The rights of the parties are fixed at the date of the sale. Final payment for unregistered stock, transfer of the stock certificate, and passing of title completed the sale, fixed the rights of the parties, and constitutes a "sale" within the Securities Law of 1953. (*Silverman v. Chicago Ramada Inn, Inc.* (1965), 63 Ill. App. 2d 96, 102, 211 N.E.2d 596.) In the instant case, the sale was consummated December 28, 1983, when the exchange of money and securities was concluded and defendants had no further rights in the securities. (See *Chapin v. Tampoorlos* (1945), 325 Ill. App. 219, 223, 59 N.E.2d 334, 335.) Further, this court has held that, considering the circumstances surrounding the enactment of the 1983 amendments, the legislature intended the amendments to operate prospectively only. Therefore, defendants' argument for the application of the exception to the rule against retroactivity has already been rejected by this court as it relates to these specific amendments. *Salzbrenner v. Beckham* (1986), 145 Ill. App. 3d 941, 944-45, 496 N.E.2d 354.

■ We decline to discuss the balance of defendants' arguments as they are unpersuasive and do not contradict or distinguish the principles of law enunciated herein. Furthermore, the majority of the arguments made by defendants are without citation to supporting authority, and we deem them waived as being in violation of Illinois Supreme Court Rules 341(e)(7) and 341(e)(8) (103 Ill. 2d Rules 341(e)(7), 341(e)(8)). Supreme Court Rules 341(e)(7), relating to appellants, and 341(e)(8), relating to appellees, provide that briefs must

contain citations to relevant authority supporting the argument advanced on appeal. (See *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 345, 459 N.E.2d 651.) A contention that is supported by some argument, but by no authority whatsoever, does not satisfy the requirements of Supreme Court Rule 341(e)(7). (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 942-43, 453 N.E.2d 1133.) The well-established rule is that bare contentions without argument or citation of authority do not merit consideration on appeal. *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 419, 255 N.E.2d 900.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

NASH, J., concurs.

JUSTICE INGLIS, dissenting:

I respectfully dissent. The majority opinion results in a practical miscarriage of justice. The Act was repealed prior to the time the filing was to be completed. Effective January 1, 1984, the failure to file the report on sales of securities no longer affected the availability of the exemption from registration. A reasonable person reading the statute could easily have believed it was no longer necessary to file. The clear legislative intent to ameliorate a very harsh remedy has been abrogated.