**Frank JULIAN, Joanne Julian and Joseph F. Priola, Plaintiffs,**

v.

**BACON, WHIPPLE, A DIVISION OF STIFEL, NICOLAUS & COMPANY, INCORPORATED, Stifel, Nicolaus & Company, Incorporated, a Missouri Corporation, and Daniel R. Hajduk, Defendants.**

No. 88 C 8655.

United States District Court, N.D. Illinois, E.D.

May 16, 1989.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Plaintiffs Frank and Joanne Julian and Joseph F. Priola filed a fourteen-count com- plaint charging the defendants with de- frauding them of over $27,000 by means of false representations and unauthorized trading in options and stock in violation of the Illinois Securities Act, Ill.Rev.Stat. ch. 121½, ¶ 137.13, the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat. ch. 121½, ¶ 262 *et seq.*, and various other federal and state statu- tory and common law duties. The parties entered into a settlement agreement in which defendants agreed to repurchase all securities held by the plaintiffs in exchange for a total of $34,852.37 and agreed to submit the question of attorneys' fees to the Court. Accordingly, plaintiffs moved for an award of costs in the amount of $523.38 and attorneys' fees in the amount of $15,198.50 under the fee-shifting provi- sions of the Illinois Securities Act, Ill.Rev. Stat. ch. 121½, ¶ 137.13(A)(2), and the Illi- nois Consumer Fraud and Deceptive Prac- tices Act, Ill.Rev.Stat. ch. 121½, ¶ 270a(c).[1] For the reasons set forth below, we award fees in the amount of $5,000.00 and full costs.

## *Entitlement to Fees*

The fee-shifting clause in ¶ 137.12(A)(2) of the Illinois Securities Act provides that

> If the purchaser shall prevail in any ac- tion brought to enforce any of the reme- dies provided in this subsection, the Court shall assess costs together with the reasonable fees and expenses of the purchaser's attorney against the defen- dant.

The parties dispute whether plaintiffs, who settled the case prior to a judgment on the merits, "prevailed" within the meaning of this clause. The parties have not directed our attention to, and research has not re- vealed, any decisions addressing the appro- priateness of fees in this situation. The case law interpreting this clause is unfortu- nately sparse. We are thus faced with predicting how the Illinois courts, and spe-

---

1. The complaint was dismissed pursuant to the settlement agreement, with the Court retaining

jurisdiction to resolve the attorneys' fee debate.

cifically the Illinois Supreme Court, would apply the clause here.

The few published opinions in which Illinois reviewing courts have awarded attorneys' fees in situations not expressly addressed in the fee-shifting clause evidence a rather generous interpretation of the clause in favor of plaintiffs. For example, in *Gowdy v. Richter,* 20 Ill.App.3d 514, 314 N.E.2d 549 (1st Dist.1974), the First District awarded fees incurred as a result of a contingency fee agreement and, as support for its decision, noted the legislature's motivation in drafting the clause into the Securities Act:

> [W]e believe that to impose an interpretation of this section [to deny an award of fees here] would discourage suits of this nature. The statute itself does not state that a purchaser must make a choice regarding the manner in which he will compensate his attorney. The clear purpose of the provision is to warn violators of the securities law that based upon the penal character of this law they will be responsible for reasonable attorney's fees incurred *in* returning the purchaser to his status quo. Id., 314 N.E.2d at 561.

More recently, another appellate court awarded fees incurred by the plaintiff in defendants' unsuccessful appeal of a judgment entered at the trial level in plaintiff's favor. *Yohnka v. Darling Nells, Inc.,* 136 Ill.App.3d 309, 91 Ill.Dec. 303, 483 N.E.2d 649, 651 (3d Dist.1985). The court unfortunately did not state its rationale.

We believe that awarding fees incurred in litigation even if the parties settle before a judgment on the merits best serves the fee-shifting clause's twin goals of penalizing the defendants and removing the expense of legal representation as an obstacle to plaintiffs' bringing suit. The Illinois Securities Act expressly provides for pre-litigation resolution of the dispute: Paragraph 137.13(C) provides defendants with an opportunity to repurchase the securities before a plaintiff brings suit and, in the event plaintiff refuses an offer that complies with that paragraph, closes the door to litigation.[2] Defendants who do not make an offer of repurchase should not be able to avoid the fee-shifting clause by waiting until after the plaintiffs file suit before offering to make the plaintiffs whole.[3] Moreover, denying fees when a case settles would effectively discourage settlement since the value of plaintiffs' recovery could be so seriously impaired by legal expenses as to provide an incentive for plaintiffs to pursue a colorable claim to judgment. We recognize that awarding fees on a settlement may in some cases discourage defendants from settling if they believe they can prevail on the merits. This reallocation of risks for either side is a necessary result of any fee-shifting provision. Given the penal character of the Act and the express preference for *defendant-induced* pre-litigation resolution as seen in subsection C, defendants properly bear these risks.

In other statutory contexts, the federal courts have developed a framework for assessing "prevailing party" status that we believe best serves the goals of the Illinois Securities Act without discouraging settlement. In civil rights actions, a plaintiff is a "prevailing party" under 42 U.S.C. § 1988 and entitled to reasonable attorneys' fees if the plaintiff has succeeded on " 'any significant issue in litigation which achieves

---

**2.** Subsection C provides that

> No purchaser shall have any right or remedy under this Section who shall fail, within 15 days from the date of receipt thereof, to accept an offer to repurchase the securities purchased by him or her for a price equal to the full amount paid therefor plus interest thereon and less any income thereon as set forth in subsection A of this Section.

**3.** Defendants attempt to avoid the fee-shifting provision in ¶ 137.13(A) by pointing out that its repurchase offer was made pursuant to ¶ 137.13(C) which contains no such provision.

We reject this interpretation of the statue. It is clear from the cross-referencing in subsections A and C that the Illinois General Assembly intended that they be read together. Moreover, subsection C closes the door to litigation if plaintiff fails to accept an offer of repurchase. Plaintiffs here initiated litigation because defendants did not make the appropriate offer under subsection C, thus bringing subsection A into play. Defendants cannot avoid their liability under A by making an offer of repurchase after plaintiffs bring suit, as is their right under the statute.

some of the benefit the part[y] sought in bringing the suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978). Fees may be awarded if the plaintiffs have vindicated their rights by settlement. *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980). *See also Rootberg v. Central States, Southeast and Southwest Areas Pension Fund*, 856 F.2d 796, 799 (7th Cir.1988) (stating that settlement does not preclude an award of fees under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*). If the lawsuit played in some way a "provocative role" in obtaining relief, that is, the plaintiff's lawsuit was causally linked to achieving the requested result, and the filed claims were not groundless, frivolous or unreasonable, plaintiffs who have prevailed within the meaning of *Hensley* may recover reasonable fees. *Lovell v. Kankakee*, 783 F.2d 95, 96–97 (7th Cir.1986); *Harrington v. DeVito*, 656 F.2d 264, 266–68 (7th Cir.1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982).

There should be no dispute that in a practical sense plaintiffs prevailed through settlement. Pursuant to the terms of the Settlement Agreement, they will receive among other things the repurchase of the securities with ten-percent interest. It is clear from the parties' representations as to the course of their pre-litigation negotiations that the lawsuit played a provocative role in settling this action. Prior to filing suit, plaintiffs made a settlement demand of the defendants which totaled approximately $34,800.00. Although defendants initially refused to settle the case, they eventually submitted a counter-offer of $25,000.00. In December, 1988, less than two months after plaintiffs filed their complaint, defendants made an offer to repurchase all securities purchased on behalf of plaintiffs. The total amount payable to all plaintiffs was $34,852.37. The close nexus between these two events indicates that the successful result was attributable directly to the filing of the complaint. Finally, defendants' contention to the contrary notwithstanding, plaintiffs' securities claim was neither groundless nor unreasonable. On its face, the allegations in the complaint state a colorable claim under the Illinois Securities Act. Accordingly, plaintiffs may recover reasonable attorneys' fees.[4]

### *Fee Award*

■ Having found that plaintiffs are "prevailing parties," we must next determine the appropriate fee award. The reasonableness of a fee is a function of the success achieved by the expenditure. *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir.1988). In determining whether a fee is reasonable, a court must first determine the number of hours actually worked that were reasonably necessary to the successful claim, thereby excluding excessive or redundant time, and then multiply this figure by a reasonable hourly rate for each attorney who worked on the case. *Hensley*, 461 U.S. at 435–36, 103 S.Ct. at 1940–41; *Mary Beth G. v. Chicago*, 723 F.2d 1263, 1281 (7th Cir.1983).

Counsel seek an award of $15,198.50 in attorneys' fees and $523.38 in costs and expenses. Defendants set forth two challenges to various portions of that amount: a claim for nearly $16,000.00 in fees and costs incurred on a settlement award of $27,000.00 is, on its face, excessive, and the amount of time recorded by plaintiffs' counsel in preparing a complaint for what defendants characterize as a "garden variety securities fraud action," researching defendants' offer of repurchase and drafting notices of depositions and written discovery is unreasonable. Whether fees awarded under the Illinois Securities Act should be proportionate to the size of a settlement hinges on the type of right indicated in the lawsuit and the societal impact of defendants' alleged unlawful conduct. Compare *Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986) (fees in civil rights cases need not be proportionate to the amount of damage obtained because

---

**4.** Since plaintiffs are entitled to fees under the Illinois Securities Act, we need not assess the appropriateness of fees under the Illinois Consumer Fraud and Deceptive Practices Act.

"a civil rights plaintiff seems to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.") with *Sas v. Trintex,* 709 F.Supp. 455 (S.D.N.Y.1989) (fees awarded in a Title VII action should be proportionate to a settlement figure in cases "involving primarily statutory rights and an isolated act of alleged discrimination.")

While we would tend to agree with defendants that proportionality is appropriate here, we nוed not make the determination at this point because reducing the fee to what we consider reasonable results in an award that is not disproportionate.

The nearly forty hours billed for drafting the complaint is excessive. As we understand the claims based on plaintiffs' representation at the settlement conference and the allegations in the complaint, the factual and legal bases of each of the fourteen counts were relatively simple and straightforward. Further, the time spent researching the defendants' offer of repurchase and its effect on attorneys' fees is excessive given the immediately-obvious scarcity of case law on the Illinois Securities Act fee-shifting clause and the clarity of the analogous law under the Civil Rights Act upon which plaintiffs primarily relied. In light of this, we believe an award of $5,000.00 more accurately reflects a reasonable fee for service rendered in obtaining settlement in this action.

### Conclusion

■ Plaintiffs are prevailing parties and are entitled to an award of $5,523.38 ($5,000.00 in fees and $523.38 in costs) under ¶ 137.13(A)(2) of the Illinois Securities Act. Plaintiffs are also entitled to *reasonable* fees incurred in preparing the fee petition and may submit a statement within five days. Defendants may respond, if necessary, five days thereafter. It is so ordered.