Delrue THOMAS, et al., Appellants–Defendants,

v.

Louis J. HEMMELGARN, et al., Appellees–Plaintiffs.

No. 71A03–9010–CV–473.

Court of Appeals of Indiana, Third District.

Oct. 21, 1991.

John C. Hamilton, Doran, Blackmond, Ready, Hamilton & Williams, South Bend, for appellants-defendants.

Timothy J. Abeska, Roemer and Mintz, South Bend, for appellees-plaintiffs.

GARRARD, Judge.

This case involves the sale of unregistered stock securities and the purchasers' subsequent successful action to rescind the sales under Indiana Securities Regulations. IC 23-2-1-1 *et seq.*

The plaintiffs, Louis J. Hemmelgarn (Hemmelgarn), Lewis R. Pickenpaugh (Pickenpaugh), John "Scottie" Stewart (Stewart) and Doc R. Capps (Capps), all purchased stock in Delron Corporation (Delron) in 1981. They sought to recover from Delron and its directors and officers named individually as defendants, Ronald J. Nash (Nash), Mary Nash, Harold Demaree (Demaree) and Delrue Thomas (Thomas), the consideration given for the stock plus interest, costs and fees. The individual defendants were officers and directors of Delron when the securities were issued.

The stock had not been registered pursuant to Indiana Securities Regulations.

After a bench trial the court found for the plaintiffs.[1] The Honorable Jeanne Jourdan entered the following conclusions:

1. Hemmelgarn, Pickenpaugh, Stewart and Capps' transactions and purchases of shares of stock in Delron Corporation are governed by Indiana Securities Regulations. IC 23-2-1-1 et seq.

2. The 1980 amendments of IC 23-2-1-1 et seq. were effective throughout 1981 and govern this case.

3. Delron Corp. failed to comply with IC 23-2-1-1(k) by registering its shares as securities.

4. Delron Corporation failed to qualify its offer or sale of shares under the private offering exemption pursuant to 1980 IC 23-2-1-2(b)(10)(iii).

5. Delron Corporation failed to qualify its offer or sale of shares under the 1983 Amended IC 23-2-1-2(b)(10)(C).

6. Delrue Thomas is liable to the Plaintiffs pursuant to IC 23-2-1-19 as a director. He had facts or could reasonably have had knowledge of the facts giving rise to Plaintiffs' claims.

7. Harold Demaree is liable to the Plaintiffs pursuant to IC 23-2-1-19 as a director from March 5, 1981 to January 1982. He could reasonably have had knowledge of the facts giving rise to Plaintiffs' claims. His reliance on Thomas and Nash may establish good faith, but does not relieve him of liability. *Arnold v. Dirrim [Dirrim]* ([App.] 1979), — Ind. —, 398 N.E.2d 426.

8. None of the Plaintiffs are in "pari delicto."

9. Delron Corporation and Delrue Thomas and Harold Demaree are jointly and severally liable to Louis Hemmelgarn in the amount of $42,884.92; Lewis Pickenpaugh in the amount of $17,-331.91; John Stewart in the amount of $23,444.82 and Doc Capps in the amount

1. Six days prior to trial the Nashes filed a Notice of Chapter 13 Bankruptcy filing and Issuance of Automatic Stay. These judicial proceedings were therefore stayed as to them and proceeded against Delron, Demaree, and Thomas.

of $8,397.26 and for attorney fees in the amount of $9,768.45.

and entered the following judgment:

Finding for Plaintiff and against Defendants that Louis Hemmelgarn have and recover $42,884.92; that Lewis Pickenpaugh have and recover $17,381.91; that John Stewart have and recover $23,444.82; and that Doc Capps have and recover $8,397.26; and attorney fees in the amount of $9,768.45 and the costs of this action from Defendants Delron, Inc., Harold Demaree and Delrue Thomas.

From this order Delron and Demaree appeal.

The appellants raise four issues in their briefs:

I. The judgment is in error because it appears to be based on an assumption that for *in pari delicto* to apply, plaintiffs must have been officers or directors or must have voting power within the issuing corporation.

II. The court erred because all plaintiffs were barred from recovery due to their knowledge of the facts that made the sales of stock violations of law.

III. Pickenpaugh's claim against Demaree is barred because he purchased his stock before Demaree became either an officer or director.

IV. The court's enforcement of remedies set forth in 1980 legislation was in error because the legislature overhauled those provisions in 1983.

### I.

#### In Pari Delicto [2] Defense

■ A purchaser of stock securities is barred from asserting that the sale was invalid, because of a state securities regulation violation, if he is found to be *in pari delicto* with the seller. A purchaser is generally held to be *in pari delicto* with

the seller if he participates in the organization or management of the issuing corporation. *Theye v. Bates* (1975), 166 Ind.App. 652, 337 N.E.2d 837, 844.

■ The appellants argue that the trial court committed error by not applying the *in pari delicto* rule to plaintiffs. They argue that the court must have assumed the rule required for its application that plaintiffs be officers or directors of, or have voting power in, the issuing corporation to apply. We do not agree with that reading. Appellants did establish that Hemmelgarn and Pickenpaugh did some bookkeeping and electrical work, respectively. But that alone does not necessitate a finding that they participated in the organization or management of the issuing corporation.

■ It clearly was appellants' burden to establish that appellees were *in pari delicto* with them. There was ample evidence from which the trial court might properly conclude that the appellees did not participate in the organization and/or management of Delron. If a party can show that the other actually participated in the organization and/or management of the corporation, it would go quite far in establishing an *in pari delicto* defense. Failing that, the burden is met only by a showing of some conduct that would be on par or equate with participation in organization and/or management. Hemmelgarn's and Pickenpaugh's conduct as bookkeeper and electrician, without more, does not necessarily rise to that level.

■ Appellants on this issue ask us to review the evidence on a negative judgment.[3] We will not reweigh the evidence or resolve credibility issues. It is only when the evidence is without conflict and points to only one conclusion and the trial court reaches another conclusion that we may reverse the judgment as being contrary to law. *Id.,* 337 N.E.2d 837, 845. As our discussion above indicates, that was not the case here.

---

**2.** *In pari delicto* literally means "of equal fault." *Theye v. Bates* (1975), 166 Ind.App. 652, 337 N.E.2d 837, 844; *citing Perma Life Mufflers, Inc. v. Intern. Parts Corp.* (1968), 392 U.S. 134, 135, 88 S.Ct. 1981, 1982–83, 20 L.Ed.2d 982.

**3.** *See* Stroud, Indiana Practice, Appellate Procedure Second Ed., 1990, § 12.7.

## II.

### *Purchaser's Knowledge of Statute Violations*

The appellants argue that the appellees are barred from recovering under IC 23–2–1–19(f), now IC 23–2–1–19(h), which reads:

No person who had made or engaged in the performance of any contract in violation of any provision of this chapter or any rule or order hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract.

They supplement their argument by stating that IC 23–2–1–19(a) ought to shed some light on how to interpret IC 23–2–19(f), now IC 23–2–1–19(h). IC 23–2–1–19(a) reads in pertinent part:

Any person who offers, purchases or sells a security in violation of any of the provisions of this chapter, and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the violation, is liable to any other party to the transaction, who did not knowingly participate in the violation or did not have, at the time of the transaction, knowledge of the violation, who may sue either at law or in equity to rescind the transaction or to recover the consideration paid....

They argue that the appellees had the burden to establish, and failed to show, a lack of knowledge or that in the exercise of reasonable care they could not have known, of the violation.

■■■ IC 23–2–1–19(a) establishes the elements necessary to be proved in an action, based upon a violation of the securities regulation, for rescission of the transaction or recovery of the consideration paid. These are: that there was a violation, that plaintiffs did not knowingly participate in the violation, and did not have at the time of the transaction knowledge of the violation. In contrast, IC 23–2–1–19(f), now IC 23–2–1–19(h), addresses actions based upon contract. This case rested upon the theory that there was a violation of the securities regulation statutes. The introduction of IC 23–2–1–19(f), now IC 23–2–1–19(h), in the instant case is unwarranted. Appellants' request that we remand on this issue so the court might reconsider the evidence in light of appellees' burden, in light of the foregoing, cannot be granted. The record discloses sufficient evidence to support the conclusion that appellees met their burden. During appellees case in chief all named plaintiffs gave testimony upon direct and cross-examination concerning the issues in the case. As stated above, we may not reweigh the evidence.

## III.

### *Pickenpaugh's Claim Against Demaree*

■■■ Appellants argue that because Pickenpaugh wrote his check on March 2, 1981 and Harold Demaree did not become an officer and director until March 5, 1981, that Demaree is not liable to Pickenpaugh, even though the stock certificate was not delivered to Pickenpaugh until March 31, 1981. On this issue we are persuaded by the appellees' arguments that the stock transaction was not complete until the stock certificate was delivered to the purchaser. They cite several cases from other jurisdictions to support their stance. *See Thiele v. Davidson* (M.D.Fla.1977), 440 F.Supp. 585. *See also Thoms v. Private Ledger Financial Services, Inc.* (1987), 155 Ill.App.3d 289, 107 Ill.Dec. 958, 507 N.E.2d 1327.

We are further convinced by our own reading of Indiana commercial law. The Uniform Commercial Code—Investment Securities, IC 26–1–8–101 et seq. covers certificates of stock. These were formerly provided for under the Uniform Stock Transfer Act. IC 26–1–8–101, Uniform Commercial Code Comment. Investment securities are included within the definition of goods. IC 26–1–2–105(1). A sale of goods "consists in the passing of title from the seller to the buyer." IC 26–1–2–106(1). Unless otherwise provided, title passes when seller completes his performance with reference to the delivery of the goods. IC 26–1–2–401(2). "Logic dictates that a security is not sold until it is delivered." *Thiele, supra,* 440 F.Supp. 585, 590.

Therefore, the sale to Pickenpaugh was not complete until March 31, 1981, when Demaree was an officer and director. In that capacity Demaree might have acted to prevent the violation had he chosen to do so.

## IV.

### Legislative Amendments

The trial court concluded the 1980 amendments to the Securities Regulation, IC 23-2-1-1, et seq. in effect throughout 1981 governed the case. Appellants' issue centers upon IC 23-2-1-2(b)(10) and the amendments made to the 1980 statute by the 1983 amendments. P.L. 240-1983. They argue that the 1983 amendments be applied retrospectively. Once applied retrospectively, they argue, the complexion of the case will be changed in such a fashion as to entitle them to have a reconsideration of the evidence, with the 1983 amendments controlling.

 Retroactive application of statutory amendments has been previously outlined. See Arthur v. Arthur (1988), Ind. App., 519 N.E.2d 230, aff'd. (1988), Ind., 531 N.E.2d 477. Without clear legislative intent to apply an amendment retrospectively, prospective application is the rule. Id., 519 N.E.2d 230, 231, citing Bailey v. Menzie (1987), Ind.App., 505 N.E.2d 126; Davis v. State (1984), Ind.App., 464 N.E.2d 926; McGill v. Muddy Fork of Silver Creek Watershed Conservancy Dist. (1977), 175 Ind.App. 48, 370 N.E.2d 365.

Retrospective application of amendments to statutes are disfavored when rights or obligations are created or upset. Id., 519 N.E.2d 230, 231; McGill, supra, 370 N.E.2d 365, 370.

We have compared the 1980 amendments with the 1983 amendments. The 1980 amendment required, among other things, that the purchaser provide a writing which represented that the securities were being acquired for personal investment. IC 23-2-1-2(b)(10)(iii), (1980). The appellants do not contest the fact that no such writing was procured from any of the purchasers in this case. They were then afforded no exemption protection to the registration requirements without these writings.[4] See Flynn v. Klineman (1980), Ind.App., 403 N.E.2d 1117, 1122.

 Because the 1983 amendments altered the obligations of sellers and purchasers of securities, we sustain the trial court's application of the 1980 amendments to IC 23-2-1-2(b)(10) in the case at bar.[5] IC 23-2-1-2(b)(10)(C) (1983) had prospective application only.

In light of the foregoing discussion, we affirm the trial court's judgment in its entirety.

STATON and ROBERTSON, JJ., concur.

---

**4.** IC 23-2-1-3 provides:

It is unlawful for any person to offer or sell any security in this state unless:
 (1) it is registered under this chapter; or
 (2) the security or transaction is exempted under section 2 of this chapter.
We recognize this statute was amended by P.L. 34-1987, § 281. The amended form did not change the statute in a manner pertinent to the case at bar.

**5.** The trial court additionally concluded that Delron Corporation failed to qualify its offer or sale of shares under the 1983 amended IC 23-2-1-2(b)(10(C). We read the 1983 amendments as bringing the statute in line with the actual practices of small corporations who seek the infusion of capital. Specifically, the requisite purchaser writing was done away with. We do not read the amendment to do away with the intent of the section, namely that purchasers are fully

informed about their purchase. The section still requires that when challenged on the exemption, the seller must prove up. He must still carry the burden to establish his reasonable belief under IC 23-2-1-2(b)(10)(C) and if he seeks to not comply with IC 23-2-1-2(b)(10)(D), (E) or (F), must establish the purchaser's active involvement in the organization or management of the issuer under IC 23-2-1-2(b)(10)(G).

This interpretation is consistent with our reading of the court's conclusions. Our scope of review is rightfully limited and we defer to the trial court on the issue of the sufficiency of the evidence that supports the conclusion. In the circumstances of this case where there were no writings from the purchasers or conspicuous restrictions upon the face of the certificates of stock, the issuers of the stock bear essentially the same burden under the 1983 amended sections as they did under the 1980 amended sections. See IC 23-2-1-2(b)(10)(C)(i), (ii).